# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME A. PORTER-BEY,<br><br>        Plaintiff,<br><br>   v.<br><br>HARLEY G. LAPPIN, et al.,<br><br>        Defendants. | CASE NO.   1:10-cv-00891-LJO-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

### I.   PROCEDURAL HISTORY

Plaintiff Jerome A. Porter-Bey, a former federal prisoner proceeding pro se and in forma pauperis, filed this civil action on May 3, 2010, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.  (ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

### II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.     SUMMARY OF COMPLAINT

Plaintiff identifies the following individuals as defendants in this action: (1) Harley G. Lappin, Director, Federal Bureau of Prisons (BOP); (2) Harrell Watts, BOP Administrator; (3) Robert E. McFadden, Western Regional Director; (4) Hector A. Rios, Jr., Warden, United States Penitentiary, Atwater (Atwater); (5) David Shinn, Associate Warden of Program, Atwater; (6) J. Bell, Associate Warden, Atwater; (7) Drehe, CMC, Atwater; and (8) J. Cuifo, Unit Manager, Atwater.

Plaintiff alleges the following:

On May 22, 2009, Plaintiff was notified of his referral for placement in the Special Management Unit (SMU) because of his disciplinary history. (Compl. at 4.) At a hearing six days later Plaintiff asserted that he had already been punished for some of his past infractions and the remaining disciplinary issues were on appeal. "The overseeing hearing officer stated that: 'the S.M.U. is non-punitive and is apart and separate from any disciplinary infractions imposed . . . .'" (Id.)

Plaintiff was placed in the SMU where he experienced limited privileges and extensive periods of lock-down; conditions that are "'atypical and/or imposes a significant

hardhsip.'" (Id. at 4, 5.) These restrictive conditions are reserved for individuals who have violated prison rules. The regulations that provided for an inmate with Plaintiff's disciplinary record to be placed in the SMU were promulgated after Plaintiff's infractions. (Id. at 5.)

Plaintiff asserts that his SMU placement violated his Due Process rights, the Ex Post Facto Clause, and the Administrative Procedure Act.

## IV. ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself, or from an expectation or interest created by prison regulations. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding

"more adverse conditions of confinement." Id.  The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Such liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Here, Plaintiff alleges that his term in the SMU for an unspecified amount of time constituted an "atypical and significant hardship."  The Court need not decide whether Plaintiff's placement in the SMU deprived him of a liberty interest of "real substance," Sandin, 515 U.S. at 477-87, because even if an "atypical and significant hardship" was imposed, id. at 486, Plaintiff received all of the due process protection to which he was entitled.

Plaintiff was notified in writing that he was being referred for placement in the SMU and the reasons for his referral.  Plaintiff was provided a hearing where he was given a chance to speak.  The decision to place Plaintiff in the segregated unit was also reviewed in an administrative appeal system.  This was all the notice Plaintiff was due regarding his placement and retention in segregation. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), abrogated in part on other grounds by Sandin, 515 U.S. 472.

Plaintiff has failed to state a cognizable due process claim.  Because the Court is allowing Plaintiff an opportunity to amend otjher claims, he will also have the opportunity to amend this one.  However, given the facts discussed above it is virtually inconceivable that Plaintiff could allege additional true facts which could support a due process claim. Plaintiff would be well advised to devote his efforts to potentially more viable claims.

To state a due process claim Plaintiff must allege facts (1) demonstrating that the conditions in the SMU impose an atypical and significant hardship in relation to the ordinary incidents of prison life and (2) that the process afforded to him was constitutionally deficient. Plaintiff must also provide sufficient factual allegations connecting each Defendant to the alleged violations. Conclusory allegations of liability based solely on the Defendants supervisory responsibility or position will not support a cognizable claim. Samuel v. Michaud, 980 F.Supp. 1381, 1396 (D. Idaho March 7, 1996) ("A person deprives another of a constitutional right, within the meaning of Bivens, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation complained of") (citing Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988)

### B.     Ex Post Facto Clause

Plaintiff alleges the his placement in the SMU based on his prison disciplinary history violated the Ex Post Facto Clause because the regulations used to facilitate the placement were adopted after the infractions had occurred.

The Ex Post Facto Clause prohibits any statute that (1) punishes as a crime an act previously committed, which was innocent when done; (2) makes more burdensome the punishment for a crime, after its commission or (3) deprives one charged with a crime of any defense available according to law at the time when the act was committed. Collins v. Youngblood, 497 U.S. 37, 41-46 (1990).

The Ex Post Facto Clause is violated only if the law: (1) is punishment, see Russell v. Gregoire, 124 F.3d 1079, 1083-84 (9th Cir. 1997); (2) is retrospective, see Lynce v. Mathis, 519 U.S. 433, 441 (1997); and (3) disadvantages the offender by altering the

5

definition of criminal conduct or increasing the punishment for the crime, see id.

Plaintiff has failed to state a claim because he has not identified an additional punishment separate and apart from the conditions to be expected as part of his sentence. Estrada v. Chavez, 2009 WL 1383328, *6 (D. Ariz. May 15, 2009) (holding that because a change in security classification neither increases an inmate's sentence nor results in the loss of good time credits it cannot be a violation of the Ex Post Facto Clause) (citing California Dept. of Corr. v. Morales, 514 U.S. 499, 506 n.3 (1995)). "Where a law merely alters the method of imposing a penalty and does not change the 'quantum of punishment,' no Ex Post Facto violation has occurred." Land v. Lawrence, 815 F.Supp 1351, 1353 (D. Nev. 1993) (citing Dobbert v. Florida, 432 U.S. 282, 293–94 (1977)). "It is precisely because reasonable prison regulations, and subsequent punishment for infractions thereof, are contemplated as part of the sentence of every prisoner, that they do not constitute additional punishment and are not classified as ex post facto. Moreover, since a prisoner's original sentence does not embrace a right to one set of regulations over another, reasonable amendments, too, fall within the anticipated sentence of every inmate." Jones v. Murray, 962 F.2d 302, 309-10 (4th Cir. 1992).

The Court will grant Plaintiff an opportunity to amend his Ex Post Facto claim. In order to state a claim Plaintiff must explain how placement in the SMU imposes an additional punishment not already conceived as a part of his sentence. Russell, 124 F.3d at 1086-87. Once again, it is improbable a valid claim can be asserted. Plaintiff should focus his efforts elsewhere.

C.     **Administrative Procedure Act**

Plaintiff concludes that the policy statement guiding his placement in the SMU

violated the Administrative Procedure Act (APA), but he fails to support that specific claim with factual allegations demonstrating how the APA was violated and by whom. "[M]ere conclusory statements, do not suffice" to state a cognizable claim. Iqbal, 129 S.Ct. at 1949. Plaintiff has failed to state a cognizable claim. In order to state a claim, Plaintiff must clearly allege facts to support his conclusion that the program statement at issue was "arbitary, capricious, and abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see also, eg., Arrington v. Daniels, 516 F.3d 1106, 1112 (9th Cir. 2008).

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

7

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff (1) the form complaint for use in a Bivens civil rights action and (2) a copy of his Complaint, filed May 3, 2010;

2.  Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.  Plaintiff shall file an amended complaint within thirty (30) days; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 27, 2012                   /s/ *Michael J. Seng*
ci4d6                                        UNITED STATES MAGISTRATE JUDGE

8