# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME A PORTER-BEY, | CASE NO. 1:10-cv-891–LJO-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM |
| v. | |
| HARLEY G. LAPPIN, et al., | |
| | (ECF No. 17) |
| Defendants. | |
| | PLAINTIFF MUST FILE AMENDED COMPLAINT BY APRIL 27, 2012 |
| _____/ | |

Plaintiff Jerome A. Porter-Bey ("Plaintiff"), a former federal prisoner proceeding pro se and in forma pauperis, filed this civil action on May 3, 2010, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.

The Court screened Plaintiff's Complaint on February 28, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before April 2, 2012. (ECF No. 17.) April 2, 2012, has passed without Plaintiff having filed an amended complaint or a request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose

sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's February 28, 2012, Order. He will be given one more opportunity, until **April 27, 2012**, **and no later**, to file an amended complaint or show cause why his case should not be dismissed for failure to comply with a Court order and failure to state a claim. **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   April 13, 2012         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE