# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME A. PORTER-BEY,<br><br>        Plaintiff,<br><br>  v.<br><br>HARLEY G LAPPIN, et al.,<br><br>        Defendants.<br>_____/ | 1:10-cv-0891-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S COMPLAINT FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 19)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Jerome A. Porter-Bey ("Plaintiff"), a former federal prisoner proceeding pro se and in forma pauperis, filed this civil action on May 3, 2010, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.

On April 16, 2012, the Court issued an Order directing Plaintiff to file an amended complaint by April 27, 2012. (ECF No. 19.) In the alternative, Plaintiff was to show cause why his case should not be dismissed for failure to comply with a Court order and failure to state a claim. (<u>Id.</u>) April 27, 2012, has passed without Plaintiff complying with or otherwise responding to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." <u>Thompson v.</u>

Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies

1 the "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262;
2 <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's Order expressly
3 stated: "Failure to meet this deadline will result in dismissal of this action." (ECF No. 19.)
4 Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance
5 with the Court's Order.

6      Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court
7 hereby RECOMMENDS that this action be DISMISSED, with prejudice, based on
8 Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and
9 failure to obey the Court's April 16, 2012, Order (ECF No. 19).  This dismissal is subject
10 to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, No. 08-
11 15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

12      These Findings and Recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
14 Within fourteen (14) days after being served with these Findings and Recommendations,
15 any party may file written objections with the Court and serve a copy on all parties.  Such
16 a document should be captioned "Objections to Magistrate Judge's Findings and
17 Recommendations." Any reply to the objections shall be served and filed within ten days
18 after service of the objections.  The parties are advised that failure to file objections within
19 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Y1</u>
20 <u>st</u>, 951 F.2d 1153 (9th Cir. 1991).

23 IT IS SO ORDERED.

24 Dated:   May 10, 2012        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

28 -3-